# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID JORDAN,

    Petitioner,

v.

MARK CAPOZZA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,

    Respondents.

Civil Action No. 2:13-cv-0074

## OPINION AND ORDER

### SYNOPSIS

Before the Court are the counseled Second Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition") filed on behalf of Petitioner, David Jordan (ECF No. 36), the Report and Recommendation of United States Magistrate Judge Cynthia Reed Eddy recommending dismissal of the Petition ("R&R"), (ECF No. 53), and Petitioner's counseled Objections to the R&R (ECF No. 56).[1] Petitioner avers that counsel was ineffective with respect to the two-day state court bench trial that resulted in Petitioner's conviction of Third Degree Murder. In particular, Petitioner's Objections relate to counsel's conduct regarding forensic and other evidence related to his defense. For the following reasons, the Report and Recommendation will be adopted, as supplemented, the Petition will be dismissed without an evidentiary hearing, and a certificate of appealability will be denied.

---

[1] Judge Phipps presided over this matter before it was transferred to my docket on July 25, 2019.

1

# OPINION

## I. STANDARD OF REVIEW

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984). In doing so, the Court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C). The Court may, in the exercise of sound judicial discretion, rely on a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney, 749 F.2d at 7. "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation *de novo* under 28 U.S.C. § 636(b)." Hill v. Barnacle, 655 F. App'x 142, 148 (3d Cir. 2016). With regard to the portions of the R&R to which no objections are made, the District Court should "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes.

## II. DISCUSSION

The Petition was referred to Magistrate Judge Eddy, who issued an R&R recommending that Petitioner's claim of ineffective assistance of counsel be dismissed without an evidentiary hearing. Petitioner objects to the Magistrate Judge's recommendation that the Petition be dismissed. His objections necessitate a *de novo* review of the R&R by this Court. After such a

review, the Court finds that Petitioner's objections do not undermine the Magistrate Judge's recommendation.

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland v. Washington, 466 U.S. 668, 689 (1984). Because both prongs must be met, the failure to establish one or the other is fatal to an ineffective assistance claim. See Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir. 1999) (quoting Strickland, 466 U.S. at 687). An ineffective assistance claim may be disposed of on the ground that the petitioner failed to meet his burden of showing prejudice, rather than addressing both prongs. Strickland, 466 U.S. at 697. Indeed, our Court of Appeals has stated that on habeas review, a court "may begin and, when dispositive, end with either of Strickland's two prongs." Mathias v. Superintendent Frackville SCI, 876 F.3d 462, 477 (3d Cir. 2017) (citations omitted). Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Strickland, 466 U.S. at 695. To demonstrate prejudice, a claimant must show that counsel's errors had more than "some conceivable effect on the outcome of the proceeding," and that counsel's errors were "so serious as to deprive the defendant of a fair trial." Id. at 687.

Here, the Magistrate Judge first considered Strickland's prejudice prong and concluded that Petitioner failed to show that, but for counsel's conduct, there is a reasonable probability that the outcome of the trial would have been different. R&R at pp. 11, 16.[2] Petitioner argues that the

---

[2] Petitioner takes issue with the Magistrate Judge's statement that Petitioner had "not met his burden to show that the testimony of Dr. Wetli, or any other forensic expert, would have changed the verdict." R&R at 16. Petitioner contends that this misstates Strickland, which instead requires a showing that there was a "reasonable probability" of a different outcome. As Petitioner acknowledges, however, at other points in the R&R, the

Magistrate Judge "failed to consider the full scope of the opinion offered by" his expert, Charles V. Wetli, M.D., Obj. at 6, and that the Magistrate Judge "failed to appreciate how Dr. Wetli's opinion undermined the testimony of Dr. Omalu and Tanail Boyd, and demonstrated the trial court's misunderstanding of the physical evidence." Id. at 23. In support of his objections, Petitioner returns to the trial testimony, counsel's closing arguments, the trial court's rulings, Dr. Wetli's report, and the PCRA testimony and affidavit, and repeats arguments similar to those already addressed by the Magistrate Judge.

Upon review of the R&R and Petitioner's objections thereto, the Court is unpersuaded by Petitioner's arguments. The Magistrate Judge's report contains a thorough, accurate, and well-reasoned analysis of the facts and law pertinent to Petitioner's claims. The Court agrees with the Magistrate Judge's conclusion that Petitioner's ineffective assistance claim fails at the prejudice prong, as Petitioner has not shown that there is a reasonable probability that but for counsel's deficient performance, the result of the trial would have been different.

## III. REQUEST FOR EVIDENTIARY HEARING

Petitioner's request for an evidentiary hearing is denied. In cases where the petitioner is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2) or Cullen v. Pinholster, 563 U.S. 170 (2011), the decision to grant a hearing rests in the discretion of the court. Palmer v. Hendricks, 592 F.3d 386, 393 (3d Cir. 2010). There is no basis for the Court to grant Petitioner's request for an evidentiary hearing in this case.

---

Magistrate Judge correctly set forth Strickland's prejudice standard. R&R at pp. 11, 16. The Magistrate Judge considered and applied the correct standard.

**IV. CERTIFICATE OF APPEALABILITY**

The Court agrees with the Magistrate Judge's recommendation that a certificate of appealability should be denied. Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." When a district court denies a § 2255 motion on a procedural ground, without reaching the underlying constitutional claim, a certificate of appealability should issue only if jurists of reason would find the district court's procedural ruling debatable, and the petition states a valid claim that constitutional rights were denied. Slack v. McDaniel, 529 U.S. 473, 484 (2000); United States v. Deaderick, No. 8-174, 2016 U.S. Dist. LEXIS 27027, at *7 (W.D. Pa. Mar. 3, 2016). Under these standards, a certificate of appealability should not, and will not, issue. This decision, of course, does not prevent Petitioner from seeking same from the Court of Appeals.

**CONCLUSION**

After de novo review of the pleadings and documents in the case, together with the R & R and objections thereto, and in the exercise of sound judicial discretion, Jordan's objections will be overruled, the R&R will be approved and adopted as supplemented herein, the Petition will be dismissed without an evidentiary hearing, and a certificate of appealability will be denied. An appropriate Order follows.

BY THE COURT:

*[signature: Donetta F. Ambrose]*

August 29, 2019  _____
Date                              Donetta W. Ambrose
                                        Senior Judge, U.S. District Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID JORDAN,<br><br>      Petitioner,<br><br>v.<br><br>MARK CAPOZZA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br><br>      Respondents. | Civil Action No. 2:13-cv-0074 |

**ORDER**

**AND NOW**, this 29th day of August, 2019, in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that the Second Amended Petition for Writ of Habeas Corpus is **DENIED**; that a certificate of appealability is **DENIED**; and that the Report and Recommendation (ECF No. 53) is **ADOPTED** as the Opinion of the Court as supplemented herein. The Clerk of Court shall mark this case closed. Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

                                            BY THE COURT:

                                            */s/ Donetta W. Ambrose*

                                            Donetta W. Ambrose
                                            Senior Judge, U.S. District Court